This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Benson Davis, a.k.a. Ian Davis, appeals from the judgment of the Lorain County Court of Common Pleas, denying his motion for a new trial. We affirm.
On September 22, 1994, Davis was convicted of one count of aggravated murder, in violation of R.C. 2903.01(A), and one count of felonious assault, in violation of R.C. 2903.11(A)(1), and sentenced to life imprisonment. Davis appealed to this court, and we affirmed the trial court. State v. Davis (Mar. 20, 1996), Lorain App. No. 94CA005989, unreported.
On February 11, 1998, Davis filed a motion for a new trial under Crim.R. 33(A)(2) and (6). The trial court denied the motion as untimely on February 18, 1998. This appeal followed.
Davis asserts three separate issues relating to the denial of his motion. However, his contentions boil down to one issue: whether the trial court erred by denying his motion for a new trial. Davis argues that he demonstrated by clear and convincing evidence that he was unavoidably prevented from discovering the evidence supporting his motion, and that his motion was meritorious and should have been granted. We disagree.
 Under Crim.R. 33(A), a defendant may move for a new trial if one of six grounds materially affected the defendant's substantial rights. The trial court may grant a new trial upon a showing of "[m]isconduct of the jury, prosecuting attorney, or the witnesses for the state[,]" Crim.R. 33(A)(2), or "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(A)(6). The motion must be filed within either one hundred twenty days (if based on newly discovered evidence) or fourteen days (if one of the other five grounds) of the jury's verdict, unless the defendant can show by clear and convincing proof that he was unavoidably prevented from discovering the evidence within the appointed time limit. Crim.R. 33(B).
A trial court's denial of a motion for a new trial on procedural grounds will not be disturbed absent an abuse of discretion. State v. Johnston (1988), 39 Ohio St.3d 48, 58-59. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
We find that the trial court did not abuse its discretion by denying Davis' motion. The jury's verdict was rendered on September 22, 1994. In order for the motion to be timely, Davis should have filed his motion for a new trial, at the latest, by January 20, 1995. He did not file his motion until February 11, 1998. In his motion, Davis made no attempt to show the trial court why he was unavoidably prevented from discovering the evidence before January 20, 1995. Because Davis failed to show by clear and convincing proof that he could not have presented the new evidence outside of the time limits set by Crim.R. 33(B), the trial court did not abuse its discretion by denying his motion for a new trial.
The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
FOR THE COURT
BAIRD, P. J.
WHITMORE, J.
CONCUR